UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| TIMOTHY JOSEPH McKINNEY, | C/A No. 4:11-cv-1471-RMG-TER |
| Petitioner, | |
| vs. | **Report and Recommendation** |
| WARDEN, McCORMICK CORRECTIONAL INSTITUTION, | |
| Respondent. | |

Petitioner, Timothy Joseph McKinney (Petitioner/McKinney"), is currently incarcerated at McCormick Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on June 17, 2011. Respondent filed a motion for summary judgment on October 6, 2011, along with a return, supporting memorandum and exhibits. (Docs. # 22 and #23). The undersigned issued an order filed October 7, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #24). Petitioner filed a response on December 27, 2011. (Doc. #33).

**PROCEDURAL HISTORY**

The Petitioner, Timothy J. McKinney, #287844, is presently confined at the McCormick

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Greenville County. The Petitioner was indicted at the July 2007 term of the Greenville County Grand Jury for third-degree arson (2007-GS-23-5943), kidnapping (2007-GS-23-6144), and assault and battery with intent to kill (ABIK) (2007-GS-23-6146). Petitioner was represented by Elizabeth P. Wiygul, Esquire. On December 3, 2007, the Petitioner pleaded guilty. The Honorable G. Edward Welmaker sentenced the Petitioner to concurrent terms of ten (10) years for third-degree arson, twenty-five (25) years suspended on the service of ten (10) years, and five (5) years probation for kidnapping, and twenty (20) years suspended on the service of ten (10) years with the balance suspended during probation for ABIK. The Petitioner did not appeal. The conviction became final December 13, 2007.

The Petitioner filed a PCR application on November 18, 2008. App.p. 23-32. The Petitioner raised the following issues:

1. Involuntary guilty plea:

   a. Was taking medication that affected the "capacity to fully understand what was occurring during the plea proceedings."

   b. Should not be included on the Sex Offender Registry.

2. Ineffective assistance of counsel.

3. Violation of due process.

The State made a Return in the matter through Assistant Attorney General Karen Ratigan. App.p. 33-37. An evidentiary hearing was convened on August 12, 2009, at the Greenville County Courthouse. App.p. 38-58. Susannah C. Ross, Esquire represented the Petitioner. The Honorable Alexander S. Macaulay denied and dismissed the PCR application by order filed September 23, 2009. App.p. 71-77. A motion to alter or amend was made and a return was filed. App.p. 78-83. The

Motion to Alter was denied by Judge Macaulay on October 12, 2009.

The Petitioner filed a notice of appeal. Robert M. Pachak, Esquire of the South Carolina Office of Appellate Defense represented the Petitioner. On March 20, 2010, counsel made a "Johnson Petition for Writ of Certiorari and Petition to be relieved as counsel pursuant to Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988). In the Johnson petition, counsel presented the issue of "whether petitioner's guilty plea was knowingly and intelligently entered" asserting he had an IQ between 59 and 78, was on medication, and claimed he was not made aware of the minimum and maximum sentences. Johnson Petition, p. 4. The Petitioner made a Pro-Se Petition for Writ of Certiorari sent March 31, 2000, arguing he was not competent at the time of his guilty plea. Within the argument, Petitioner contended that counsel was also ineffective in failing to assure McKinney's competency by having an independent evaluation done or request a mental examination. The South Carolina Supreme Court denied the petition for writ of certiorari on May 26, 2011. The remittitur was issued by the Supreme Court on June 13, 2011.

**GROUNDS FOR RELIEF**

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds:

GROUND ONE: Ineffective Assistance of Counsel; Involuntary guilty plea; due process of law.

    a. Applicant was taking medication that affected the "capacity to fully understand what was occurring during the plea proceedings."

    b. Should not be included on the Sex Offender Registry.

Petitioner filed an Amended Petition for Writ of Habeas Corpus on July 25, 2011. Petitioner raises the following additional issues in his amended petition:

II.    Ineffective Assistance of Counsel. Counsel failed to Request an Independent Evaluation of his Competency.

III.   Ineffective Assistance of Counsel; Counsel failed to present a viable defense; Involuntary Guilty Plea.

IV.    Involuntary Guilty Plea.

    Petitioner's plea was not knowingly and intelligently entered because he was not made aware of the minimum and maximum sentences and that his sentence exceeded the amount of time recommendation by the judge ordering 5 years probation and suspending his sentences.

(Petition, amended petition).

## SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

5

# IV. STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## V.  PROCEDURAL BAR

A. Exhaustion and Procedural Bypass

The doctrines of exhaustion and procedural bypass can bar a federal habeas claim if a petitioner has not first submitted his claims for relief to the state courts.  Generally, pursuant to the exhaustion doctrine[2], a habeas petitioner will be procedurally barred from bringing a federal habeas claim if the claim has not first been presented to the state's highest court with authority to decide the issue.  See 28 U.S.C. §2254[3]; Rose v. Lundy, 455 U.S. 509, 515 (1982).

---

[2]  As stated by the Supreme Court:
> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

[3]  §2254(b) and (c) read as follows:
(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(I) there is either an absence of available State corrective process; or

    (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

(2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)  A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCAR 207; Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann.§17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must present the issue to the state court before requesting a writ of habeas corpus in the federal courts. See Rose, 455 U.S. at 515; Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983); Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977).

If a petitioner fails to raise a claim at the appropriate time in state court and state procedural rules bar further means of presenting the issue to the state courts, the claims is procedurally bypassed and, generally, is procedurally barred from federal habeas review. Smith v. Murray, 477

---

        unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

U.S. 527, 533 (1986).

Federal courts have jurisdiction to consider habeas claims subject to procedural bar (through exhaustion or procedural bypass); however,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

B. Cause and Actual Prejudice

Procedural default occurs when a habeas petitioner fails to exhaust his state remedies and the state court would now find the claims procedurally barred. Mickens v. Taylor, 240 F.3d 348, 356 (4th Cir.2001). When a procedural default occurs, federal review is barred unless the petitioner can show cause for his default and resulting prejudice, or actual innocence. Harris v. Reed, 489 U.S. 255, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). The petitioner may also avoid the procedural bar by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir.2008), cert. denied, --- U.S. ----, 129 S.Ct. 162, 172 L.Ed.2d 117 (2008). In general, in South Carolina, "absent sufficient reason for not raising a claim in a first [post-conviction relief ("PCR") ] application or very rare procedural circumstances, [S.C.Code Ann.] § 17-27-90 [Rev. 2003] bars the claim in a successive application." Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir.1997).

In order to have such claims considered, a Petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478

9

(1986). A Petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

If a petitioner fails to show "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a Petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the Petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## ANALYSIS

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court.

10

28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland, supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

In Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000), *quoting* Strickland at 694, the Court held that "[to] establish ineffectiveness, he [a defendant] 'must show that counsel's representation fell below an objective standard of reasonableness, and to establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Thus, the Court confirmed that the correct standard for judging ineffective assistance of claims is the Strickland standard.

**Grounds One(a & b), Two, and Four**

As previously set forth, in Ground One(b), Petitioner raised ineffective assistance of trial counsel stating the following:

> Ineffective assistance of counsel: involuntary guilty plea; due process of law:
>
> . . .
>
> b. Should not be included on the sex offender registry.

(Petition, doc. #1). Respondent asserts that the issue that he should not be listed on the sex offender registry is procedurally barred as he abandoned the issue at PCR.

At the PCR hearing, counsel for Petitioner informed the court that the kidnaping conviction was initially miscategorized as kidnaping of a sexually violent nature but that it had been corrected

and was no longer a ground. (App. 41-42). As it was not ruled on by the state court since it was abandoned, it is procedurally barred from federal habeas review. Additionally, even if this issue was not procedurally barred, this issue should be dismissed because claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to this portion of Ground One.

Also in Ground One, Petitioner asserts that trial counsel was ineffective for allowing Petitioner to plead guilty when he was on so much medication that his capacity to understand the plea proceedings was affected. In Ground Two, Petitioner asserts he has a low IQ, and that counsel was ineffective for failing to obtain an independent evaluation of his competency. Petitioner contends that trial counsel admitted at the PCR hearing that she should have asked for an independent evaluation due to his memory and medication (citing App.p. 53). In Ground Four, Petitioner asserts that his plea was involuntary because he was not made aware of the minimum and maximum sentence he could receive and that the probation sentence exceeded his understanding of the recommendation. He asserts that he was offered a 10-year recommendation which he accepted, and was misinformed that the charges carried 10 years when they carried more.

Respondent asserts that these issues were raised and addressed by the PCR court and raised in the petition for writ of certiorari. Respondent contends that the state PCR court's factual findings are not objectively unreasonable and were "not contrary to" and did not involve an "unreasonable application" of clearly established law.

The PCR judge concluded the following with regard to the issues raised in Ground One(a), Ground Two, and Ground Four:

> The Applicant alleges his guilty plea was involuntary and that he received ineffective assistance of counsel. In a PCR action. "[t]he burden of proof is on the applicant to

prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002)(*citing* Rule 71.1(e), SCRCP).

. . . When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370 (1985); Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2001).

To be knowing and voluntary, a plea must be entered with a full understanding of the charges and the consequences of the plea Boykin v. Alabama, 395 U.S. 238, 243-44, 89 S.Ct. 1709, 1712 (1969); . . . When determining issues relating to guilty pleas, the court will consider the entire record, including the transcript of the guilty plea, and the evidence presented at the post-conviction relief hearing. Anderson v. State, 342 S.C. 54, 57, 535 S.E.2d 649, 657 (2000).

Plea counsel testified she requested an evaluation of the Applicant very soon after she was appointed. Plea counsel testified the Applicant was evaluated and found competent. Plea counsel testified the Applicant did not remember some of their conversations, but that the Applicant did not have trouble understanding those conversations. Plea counsel testified she and the Applicant reviewed the state's evidence and the Applicant's version of events. Plea counsel stated it is her general practice to also discuss the minimum and maximum sentences her clients are facing and, in fact, review the applicable statute with them. Plea counsel stated the only plea offer from the State was for a ten (10) year recommendation, which the Applicant accepted. Plea counsel stated she did not recall if the trial judge misadvised the Applicant that he was facing a maximum sentence of ten (10) years on each charge.

Regarding the Applicant's claims of ineffective assistance of counsel, this Court finds the Applicant has failed to meet his burden of proof. This Court finds plea counsel's testimony is credible regarding her representation of the Applicant. This Court further finds plea counsel adequately conferred with the applicant, conducted a proper investigation, and was thoroughly competent in her representation.

The Applicant admitted to the plea judge that he was guilty, (Plea Transcript, p. 15). the Applicant also told the plea judge that he understood the trial rights he was waiving in pleading guilty, was satisfied with counsel, and had not been coerced in any way. (Plea transcript, pp. 11-15).

This Court finds the Applicant failed to meet his burden of proving plea counsel was ineffective in ensuring he entered a free and voluntary guilty plea. Plea counsel arranged for the Applicant to have a mental evaluation and the Applicant was found competent. (Plea transcript, p. 7). Plea counsel advised the plea judge that the

Applicant was taking several medications and the Applicant stated these medications helped him understand the proceedings. (Plea transcript, p. 6; p. 8). The Applicant gave responsive answers to the plea judge's questions during the colloquy. (Plea transcript, pp. 3-9; pp. 11-16). In fact, the Applicant also addressed some errors he perceived in the State's recitation of the facts of the case. (Plea transcript, pp. 10-11). This Court notes the defendant must have also been advised of the nature and crucial elements of the offenses and the minimum and maximum sentences he was facing. . . . Plea counsel testified that she reviewed all such matters with the Applicant. This Court finds that, based upon the full record, plea counsel adequately consulted with the Applicant about his charges and potential penalties and that the Applicant entered a knowing and voluntary guilty plea. See Anderson v. State 342 S.C. at 57, 535 S.E.2d at 657.

This Court finds the Applicant failed to meet his burden of proving plea counsel was ineffective in failing to secure an independent competency evaluation. While plea counsel indicated she wished she had requested an independent evaluation, no expert witness was presented at the evidentiary hearing to testify regarding the Applicant's competency. Any discussion of what an independent evaluation would have yielded is, therefore, pure speculation. See Dempsey v. State, 363 S.C. 365370, 610 S.E.2d 812, 815 (2005)(finding that, as the applicant failed to have an expert testify at the evidentiary hearing, "any finding of prejudice is merely speculative").

This Court finds the Applicant failed to meet his burden of proving plea counsel was ineffective in failing to address the plea judge's alleged misstatement of the maximum sentence the Applicant would receive. Plea counsel testified she would have reviewed the minimum and maximum sentences the Applicant was facing on each of his charges. Plea counsel testified she also explained to the Applicant that the State's plea recommendation was for ten (10) years imprisonment. At the guilty plea hearing, the solicitor stated the ten (10) year recommendation on the record and the Applicant stated he understood this was the offer. (Plea transcript, p. 14). After the Applicant was unresponsive to the question of whether or not he understood the plea judge was not bound by this recommendation, the plea judge asked "[y]ou understand that you could be sentenced up to ten years in jail on each of these charges?" and the Applicant answered "yes." (Plea Transcript, pp. 14-15). This court finds the plea judge did not mistakenly advise that the actual maximum sentence on each of these charges was ten (10) years. When read in context, this Court finds it is clear the plea judge was merely explaining to the Applicant that, if he was sentenced pursuant to the recommendation, the maximum sentence would be ten (10) years imprisonment.

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test–that plea counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that plea counsel committed either errors or omissions in her

representation of the Applicant. This Court also finds the Applicant had failed to prove the second prong of Strickland-that he was prejudiced by plea counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

(App. 73-76).

Trial counsel testified at the PCR hearing that she had Petitioner evaluated and he was found competent prior to the plea. App. p. 44. Trial counsel testified that she requested an evaluation shortly after she was appointed to represent Petitioner because he had attempted suicide while in detention. While Petitioner appeared to have trouble remembering things, counsel testified that he appeared to understand once he was on medication. Counsel testified that Petitioner was able to explain the facts leading up to the incident. (Tr. 51-52). Counsel testified that after the 10-year sentence offer was made, she discussed it with Petitioner, as it is her practice to explain that the judge could give more or less time than the recommendation. (App. pp. 52-53). Counsel testified that Petitioner appeared to understand their discussions and that he never indicated any confusion during the plea. (Tr. 53).

As set forth above, trial counsel had Petitioner evaluated by the Department of Mental Health, and Petitioner was found competent. He fails to present evidence to show otherwise. Petitioner was able to communicate with counsel and the court. At the time of the plea, Petitioner stated that he was satisfied with his counsel, that he was guilty of the crime, that the medication he was on helped him to understand better, and that he understood his right to a jury trial and what he was waiving in that regard. Trial counsel gave a list of the medications Petitioner was on at the time of the plea so that the trial court was aware of his medications.

The PCR court found trial counsel to be more credible than Petitioner. Id. A presumption

of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. Thus, PCR courts finding of no attorney error is neither contrary to, nor involved an unreasonable application of, clearly established federal law and this court must defer to it. 28 U.S.C. § 2254(d)(1); Williams v. Taylor, supra.

Even assuming, *arguendo,* that Petitioner's counsel did commit error with respect to the issues of his competency at the time of the plea and/or not having an independent evaluation ordered, Petitioner has not shown prejudice. Petitioner failed to present competent evidence that he was not competent at the time of his plea due to medication or otherwise.

Additionally, a plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his plea was invalid except in extremely limited circumstances, Blackledge v. Allison, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific). "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975).[4]

---

[4] See also Bemis v. United States, 30 F.3d 220, 222-23 (1st Cir.1994)(observing general rule that a defendant pursuing habeas relief is "ordinarily bound by his or her representations in court" vis-a-vis a plea); United States v. Butt, 731 F.2d 75, 80 (1st Cir.1984)(affirming denial of habeas motion without a hearing, concluding that the movant's allegations that his attorney had mislead him concerning the judge's acceptance of the plea were "unsupported by specific facts and contradicted by the record," the habeas motion being bare of "credible, valid reasons why a

Accordingly, the undersigned recommends that Respondents' motion for summary judgment be granted with respect to Ground One(a), Ground Two, and Ground Four.

**Ground Three**

In Ground Three, Petitioner asserts that trial counsel was ineffective for failing to present a viable defense. (Amended petition). Specifically, Petitioner asserts that "[c]ounsel failed to withdraw his plea to consider a defense of 'misprison of a felony' based on his statements he made to the police and that he yelled into the yard for someone to call 911 after arguing with his brother." Id. Petitioner further asserts that "[a]lso, shown in the PCR hearing that given his mental state, isn't it possible he truly felt that he informed the right people about that and by doing that-by yelling out." Id. Petitioner argues that counsel was ineffective for not explaining "the lesser included offense based on the facts or it was an option at trial."

In the memorandum in support of summary judgment, Respondent argues that this issue was not raised at the plea or during the PCR proceeding so that it is procedurally barred from federal habeas review.

As this issue was not raised and/or addressed by the PCR court and not raised in the petition for writ of certiorari, the issue is procedurally barred from federal habeas review. Coleman, supra. Petitioner has not demonstrated cause and prejudice for his procedural default of this claim. Accordingly, it is recommended that Ground Three be dismissed as procedurally barred and Respondent's motion for summary judgment granted with respect to this issue.

---

departure from [his] earlier contradictory statements is ... justified," citing Crawford v. United States, 519 F.2d 347, 350 (4 th Cir.1975)); Larrivee v. Warden, Me. State Prison, 2000 WL 760971,* 6 (D.Me.2000) ("A defendant's representation at the plea hearing are a 'formidable barrier' in collateral proceedings in which he attempts to take a different position.").

## CONCLUSION

Based on the above reasoning, it is RECOMMENDED that Respondent's motion for summary judgment (docket entry #23) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 30, 2012
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**