IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Timothy Joseph McKinney,                    )          Civil Action No.: 4:11-cv-1471-RMG
                                            )
            Petitioner,                     )
                                            )
v.                                          )          **ORDER**
                                            )
Warden, McCormick Correctional             )
Institution,                                )
                                            )
            Respondent.                     )
_____ )

In this action, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule

73.02(B)(2) DSC, this case was automatically referred to the United States Magistrate Judge for

all pretrial proceedings.  On October 6, 2011, Respondent filed a motion for summary judgment.

(Dkt. Nos. 22 and 23).  On December 27, 2011, Petitioner filed a response in opposition to

Respondent's motion for summary judgment.  (Dkt. No. 33).  On April 30, 2012, the Magistrate

Judge issued a Report and Recommendation recommending that Respondent's motion for

summary judgment be granted and that Petitioner's petition for a writ of habeas corpus be

dismissed.  (Dkt. No. 35).  On May 17, 2012, Petitioner filed objections to the Magistrate

Judge's Report and Recommendation.  (Dkt. No. 43).  Having reviewed the record and the

applicable law, the Court now adopts the Magistrate Judge's Report and Recommendation in its

entirety and grants Respondent's motion for summary judgment.

### Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight, and responsibility for making a final determination remains with this

Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a

1

*de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the plaintiff fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

In the case *sub judice*, Petitioner is a state prisoner who was indicted in July 2007 for third-degree arson, kidnapping, and assault and battery with intent to kill. Petitioner, who was represented by Elizabeth P. Wiygul, Esquire, pleaded guilty and was sentenced to concurrent terms of ten years for third-degree arson, twenty-five years suspended on the service of ten years, five years of probation for kidnapping, and twenty years suspended on the service of ten years with the balance suspended during probation for assault and battery with the intent to kill. On November 18, 2008, Petitioner filed a PCR application asserting that he gave an involuntary guilty plea because he was taking certain medication at the time of the plea hearing, that he should not be included on the Sex Offender Registry, ineffective assistance of counsel, and violation of due process. On August 12, 2009, an evidentiary hearing was held where Petitioner was represented by counsel. By order filed September 23, 2009, the PCR court denied and dismissed Petitioner's PCR application. On October 12, 2009, Petitioner's motion to alter or amend was denied. Finally, on May 26, 2011, Petitioner's petition for a writ of certiorari was denied by the South Carolina Supreme Court.

On July 25, 2011, Petitioner filed an amended petition for writ of habeas corpus, asserting four grounds for relief:

1. Ineffective assistance of counsel; involuntary guilty plea; due process of law
   a. Petitioner was taking medication that affected the "capacity to fully understand what was occurring during the plea proceedings."
   b. Petitioner should not be included on the sex offender registry.

2. Ineffective assistance of counsel: counsel failed to request an independent evaluation of his competency to stand trial.

3. Ineffective assistance of counsel: counsel failed to present a viable defense; involuntary guilty plea.

4. Involuntary guilty plea: Petitioner's plea was not knowingly and intelligently entered because he was not made aware of the minimum and maximum sentences and because his sentence exceeded the recommendation by the judge ordering five years of probation and suspending his sentences.

(Dkt. No. 15). As the Magistrate Judge correctly explained in his Report and Recommendation, grounds 1.b. and 3 are procedurally barred, and the remaining grounds do not meet the standard which must be met under 28 U.S.C. § 2254.

## I. Grounds 1.b and 3 are Procedurally Barred Because They Were Not Previously Adjudicated by a State Court.

Title 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State." The Fourth Circuit has held that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *rev'd on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Id.* (internal citations omitted). Federal courts are precluded from hearing a

procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Under ground 1.b. of his petition, Petitioner asserts that he should not to be on the Sex Offender Registry. However, at his PCR hearing, Petitioner's counsel informed the court that the kidnapping conviction had initially been mischaracterized as a kidnapping of a sexually violent nature but that the error had been corrected and was no longer an issue for the PCR court to consider. (Dkt. No. 22-3 at 43-44). As the Magistrate Judge correctly concluded, Petitioner is procedurally barred from pursuing this ground because this issue was abandoned by Petitioner and was not ruled on by the state court. Also, under ground 3 of his petition, Petitioner asserts that his counsel failed to raise a viable defense. As this issue was not raised in or addressed by a state court, this ground of Petitioner's petition is also procedurally barred. Because Petitioner has not demonstrated cause and prejudice for his failure to raise grounds 1.b. and 3 of his petition, Petitioner cannot overcome the procedural bar on these grounds. Thus, Respondent is entitled to summary judgment on these grounds.

## II. Petitioner Has Failed to Create a Genuine Issue of Material Fact with Regard to the Remaining Grounds of His Petition.

Under ground 1.a. of his petition, Petitioner asserts that his trial counsel was ineffective for allowing him to plead guilty when he was on medication that affected his capacity to understand the proceedings.[1] Under ground 2, Petitioner asserts that he has a low IQ[2] and that counsel was ineffective for failing to secure an independent evaluation of his competency.

---

[1] This medication consisted of Valium, LexaPro, Xyprexa, Haldol, and Trazodone. (Dkt. No. 22-3 at 10).

[2] Petitioner asserts his IQ is between 59 and 78. (Dkt. No. 22-3 at 9).

Respondent argues that these issues were raised in and addressed by the PCR court and in the petition for writ of certiorari. Respondent argues that the PCR court's factual findings are not objectively unreasonable and were not contrary to and did not involve an unreasonable application of clearly established law.

After reviewing the record, the Court finds that grounds 1.a, and 2 of Petitioner's petition were adjudicated by the state court on the merits and that this adjudication did not result in a decision that either was contrary to, or involved an unreasonable application of, clearly established federal law. Further, the Court finds that the state court adjudication did not result in a decision that was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). In the state court order dismissing Petitioner's PCR application (Dkt. No. 22-3 at 73-79), the court thoroughly explains why Petitioner's ineffective assistance of counsel claim fails to meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), for ineffective assistance of counsel. As recognized by the state court, Petitioner was evaluated by the Department of Mental Health and found to be competent to stand trial. Further, at the time of the guilty plea, Petitioner stated that he was satisfied with his counsel, that he was guilty of the crime, that the medication that he was on helped him to understand things better, and that he understood his right to a jury trial and what he was waiving in that regard. Petitioner even addressed certain errors he perceived in the State's recitation of the facts of the case. Ultimately, the state court found that plea counsel adequately consulted Petitioner about his charges and potential penalties and that Petitioner entered a knowing and voluntary guilty plea.

To succeed on a claim for ineffective assistance of counsel, a petitioner must show that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The United States Supreme Court has

5

emphasized that, while surmounting *Strickland*'s high bar is never an easy task, establishing that a state court's application of *Strickland* was unreasonable under § 2254 "is all the more difficult." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Id.* (internal citations omitted). When a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Here, after considering the record and the relevant law, the Court finds that Petitioner has failed to meet the high standards created by *Strickland* and § 2254(d). Thus, Respondent is entitled to summary judgment on grounds 1.a and 2 of the petition.

Finally, under ground 4 of his petition, Petitioner asserts that his guilty plea was involuntary because he was "not made aware of the minimum and maximum sentences" he might receive. (Dkt. No. 15 at 2-3). However, at the PCR hearing, Petitioner's trial counsel testified that she discussed the 10-year sentence offer with Petitioner and testified that it is her practice to explain that the judge could give more or less time than the recommendation. (Dkt. No. 22-3 at 53-55). Petitioner's trial counsel also testified that Petitioner appeared to understand the discussion regarding the charges he was facing and the possible sentence. (*Id.*). In the state court's order dismissing Petitioner's PCR application, the court found that, "based upon the full record, plea counsel adequately consulted with the [Petitioner] about his charges and potential penalties and that the [Petitioner] entered a knowing and voluntary guilty plea." (*Id.* at 77). A presumption of correctness attaches to the state court determination of factual issues:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a

6

> factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254(e)(1). Here, the Court finds that Petitioner has not met his burden of rebutting the presumption of correctness which attaches to the state court's finding that Petitioner understood the nature of his guilty plea. Accordingly, Respondent is entitled to summary judgment on ground 4 of the petition.

## Conclusion

For the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation (Dk. No. 35) and grants Respondent's motion for summary judgment. Petitioner's petition for a writ of habeas corpus is dismissed with prejudice.

## Certificate of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

7

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 30, 2012
Charleston, South Carolina